UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 1:23-cr-43 |
| v. ) | |
| ) | Judge Atchley |
| ) | |
| DANA ADKINS ) | Magistrate Judge Lee |
| Also known as "DANA MORRIS" ) | |

## ORDER OF FORFEITURE

On May 17, 2023, an Information [Doc. 1] was filed in the above-referenced case, charging Dana Adkins, also known as "Dana Morris," with mail fraud in violation of 18 U.S.C. § 1341 (Count One).

In the forfeiture allegations of the Information, the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of the Defendant's interest in any property, real or personal, constituting, or traceable to the proceeds of any violation of 18 U.S.C. § 1341.

An Amended Plea Agreement [Doc. 14] was filed on June 8, 2023. On June 8, 2023, the Defendant pled guilty to Count One, as charged in the Information and agreed to facts sufficient to support the plea, and forfeiture of property as listed in the Plea Agreement. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant agreed to a personal money judgment in the amount of $150,804.00, which represents the proceeds the Defendant caused to be obtained as a result of the violation of 18 U.S.C. §1341. Further, the United States has established the requisite nexus between the money judgment and the violations charged in Count One of the Information.

Federal Rule of Criminal Procedure 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Because no ancillary

proceeding is required, it is appropriate to enter an order of forfeiture at this time, which will become final as to the Defendant at the time of sentencing.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based upon the conviction of the Defendant for offenses in violation of 18 U.S.C. § 1341, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b), the United States is entitled to:

> **Money Judgment**
>
> A personal money judgment in favor of the United States and against the Defendant, DANA ADKINS, in the amount of $150,804.00, representing the proceeds the Defendant caused to be obtained as a result of the Defendant's violation of 18 U.S.C. § 1341.

2. In accordance with Federal Rules of Criminal Procedure 32.2(b)(4)(A) and (b)(4)(B), this Order of Forfeiture will become final as to the Defendant at the time of sentencing and will be made part of the sentence and included in the Judgment.

3. The United States may, at any time, move pursuant to Federal Rule of Criminal Procedure 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $150,804.00 to satisfy the money judgment in whole or in part.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

5. The Clerk of this Court shall provide a certified copy of this Order to the United States Attorney's Office.

ENTER:

_____
CHARLES E. ATCHLEY, JR.
United States District Judge

Submitted by:

FRANCIS M. HAMILTON III
United States Attorney

By: *s/ Steven S. Neff*
Steven S. Neff, BPR # GA 537187
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
(423) 752-5140
Steven.Neff@usdoj.gov